Good morning, your honors. I'm Larry Basil, counsel for appellant Scott Frazier. Mr. Frazier is in the audience. I'd like to reserve five minutes for rebuttal. May it please the court. The district court lacked jurisdiction in this case for the reasons given in three recent Ninth Circuit decisions from last year and the year before, all of which considered the Gunn v. Minton factors to be the most important. And all of which concluded that there was no jurisdiction. The arguments in those cases were much stronger than Tri-Dam's arguments here. And if the arguments in those cases weren't good enough, then Tri-Dam's arguments shouldn't be either. We cited all three cases, but we didn't argue them as a group, as I'd like to do now. The first case, City of Oakland v. BP, involved a public nuisance claim, as this case does. But it was a public nuisance claim about big issues, about global warming, about sea level rise, about issues with national implications that could affect federal agencies, that rubbed up against the concept of a federal public, a federal nuisance claim. A federal common law nuisance. The court decided that that wasn't good enough. The court said that the cause of action, the public nuisance claim, was a pure state law claim. It didn't require the interpretation of a federal statute. It didn't challenge the constitutionality of a federal statute. Here, Tri-Dam's claim has two parts. Part one, a Calaveras County ordinance requires Scott Fraser to get a permit from Tri-Dam. Part two, he didn't get one. There's no federal question. I think the question for me is, do you think FERC had the power to enforce the provisions of its license against your client? Because in my experience, FERC is rather jealous of its federal jurisdiction and its licenses, but do you think that FERC had the power to enforce its license against your client? Your Honor, I hope to avoid that question, if I could, by saying it's not relevant here. There certainly is some. Well, it's relevant to me, so let's get over that. Some case law from other circuits that suggest that it does, but I would say no, that it doesn't. Why don't we ask FERC what it thinks about this? Well, because, Your Honor, this is, it's not a FERC issue. It's a pure state law claim. Well, the FERC thinks it's a FERC issue. That may mean something. I don't believe so, Your Honor. The FERC has not interfered in this case in any way. Well, I know it hasn't. That's why I, you know, sometimes we ask federal agencies, even if they haven't been involved, for their view of the case. It's, you know, to me, I take your point on this, that essentially these are, this is a state law, common law claim, and it's based in part, at least, on local ordinance. I take that, but the part that bothers me is the federal licensure. What I would like to direct, Your Honor, to, again, is to City of Oakland, where the court said it doesn't matter what the implications are. Well, correct, but that's not, that's not a FERC case, so. Okay, as far as FERC is concerned, as far as the Federal Power Act is concerned, I think the cases are clear, that the, that Congress left disputes about private property rights to state courts. The dam owners, like Tri-Dam, have to get easements that allow them to build whatever they're going to build, that allow them to exercise whatever property rights they have. Those are generally pure state law claims. But when there's something that affects a FERC license, I think, in my experience, FERC has taken a different position on that. I don't believe there's any case law where FERC has directly stepped in, in one of these cases, and said, we're taking control, we have authority. That might be a very different situation. Well, the cases I'm thinking of are ones where the, FERC has actually been the party in interest to enforce its license provisions. So, I mean, that's why, that's my, the origin of my question to you. Do you think FERC had the authority, in this case, to enforce the license requirements against your client, Mr. Frazier? And I think the answer is no, because the, there are no license requirements against Mr. Frazier. He doesn't hold a license. He's not regulated by the Federal Power Act. The only way he's regulated is by either TrIDEM's easement rights, state law property rights, or by the county ordinance. So I would say no, not at all in this case. And they will say, well, look, that's part of the FERC licensure, and therefore, FERC probably had the authority to do it. I'm just, I want to, I just want to make sure I understand your position on that, and I think I have it in hand. So, letting me, getting back to the three cases very quickly. Go to your second case. Second was County of San Mateo versus Chevron. Same analysis, same result. It was also state law claims for public nuisance and other torts related to global warming. Same result. Third was Negrete versus City of Oakland. That was not a public nuisance case. It was a police dischargement case. The issue there was whether the state law claims interfered with a federal consent decree. And the majority decided it was not. Judge Rakoff dissented in that case. But both his dissent and the majority agreed on the principle that I think is controlling here, and I'd like to quote it. This is from the dissent. Quote, for a federal issue to be necessarily raised, it must form an essential element of plaintiff's claims in the plaintiff's well-pleaded complaint. Sounds right to me. The, here the complaint is simple. Needed a permit, didn't have one, no federal issue. We'd say that's all the analysis that needs to be done here. The court doesn't need to go beyond that. The only other. So have you, are you familiar with Sauk-Suiatl Indian tribe versus City of Seattle? No, Your Honor. So that was a case that went the other way in which there were some claims raised by a tribe. And we said, well, even though the claims really don't have anything to do necessarily with the federal act, it wasn't necessarily implicated. It's pretty close. It's different in a sense. It involves a federal treaty, and maybe they had a better argument in that case. But if you haven't, if you're not familiar with it, I'm not going to ask you about it today. Thank you, Your Honor. The only other issue I want to touch on is the fact that TrIDAM didn't really plead, didn't plead or didn't succeed in gun versus minting jurisdiction is that it didn't even really try to plead it. What it went for was a private right of action under the Federal Power Act, and the district court correctly ruled that there is no private right of action under the act. Citing an unbroken line of cases, including a decision from this court, that cites decisions from the Second D.C. Circuit. And TrIDAM does not disagree with that in this court. It doesn't say it did have a private right of action. But you would concede that as to that issue, the federal district court had subject matter jurisdiction? No, Your Honor. I mean, they're trying to say there's a private right of act under the Federal Power Act, and the district court said no. I think the district court probably had subject matter jurisdiction to say that, don't you? No, Your Honor, I do not. Why? Because of, for a claim, for a claim to state a federal question, it has to be substantial. It can't be insubstantial or frivolous, the cases go back to. Well, that's about failure to state a claim, not jurisdiction. No, it's about jurisdiction, Your Honor. If the claim is insubstantial or frivolous, then the court does not have jurisdiction. We would argue that here the claim is insubstantial or frivolous because there was a solid line of case law saying that there is no private right of action. If that's all it takes to get into federal court, anyone could plead an improper cause of action. The court would have jurisdiction to determine it, and then, boom, you go on to your pure state law claim. But that actually happens. Well, leaving the state law claims aside, federal district judges decide that there's no private right of action all the time, exercising their jurisdiction to determine whether or not there's a federal cause of action. In some cases, that may be appropriate. In this one where it is so clear that there is no private right of action, and it's not even being argued on appeal, that goes to jurisdiction. If it's not a colorable, if it's not a substantial federal claim, court has no jurisdiction. And at this point, I'd like to stop. Very well. Good morning, Your Honors. May it please the Court. Matthew Weber on behalf of TrIDEM. As we go over and think about this case, we think about the argument, and we think about when Your Honors are deciding it, I think Justice Thomas hit the nail on the head. The crux of this case is TrIDEM enforcing its FERC license. TrIDEM is enforcing the Shoreline Management Plan, which is part of its FERC license, which is an obligation put on FERC by Congress that FERC then transferred and delegated to TrIDEM as part of the license. I think the tough part of your case is that these are state common law claims that you're asserting, and it's based on a local ordinance. So tell me why it couldn't be resolved in state court on the basis of the ordinance. I think there's two bases for jurisdiction. One is federal question, which I'll get to after, but I'll answer your question first. Under the substantial federal issue test, under the Gunn Supreme Court case, the complaint necessarily raises a federal issue. In fact, I think it's too simple to say, hey, you're just looking at the county code, and that's all you need to look at. The county code specifically says that if you have a facility on the reservoir, you must comply with TrIDEM's permitting regulations. So you have to look at the code, and then you have to go and say, okay, what are TrIDEM's permitting regulations? That is the shoreline management plan. That is the FERC license. In fact, in Merrill Lynch, they provided an example that matches up with what we have here today. In Merrill Lynch, the United States Supreme Court stated that when deciding whether a claim was brought to enforce the Exchange Act, that a state law, if a state, they provide a hypothetical, if a state law claim said violation of the Exchange Act is a violation of the state law, then in order to prove that state law violation, you have to prove a violation of the state act, the Exchange Act, and the Supreme Court provided that necessarily raises a federal question, and that it would be appropriate in federal court. That is essentially what we have here. You have a county code that says comply with TrIDEM's regulations, so you have to go look at, as the trial court found, the district court found, you have to go look at TrIDEM's regulations to see what those are. And, in fact, so we believe that it does necessarily raise a federal issue because it raises the FERC license issue, and it raises the shoreline management plan. We believe that's how you get there. In Preciel, which is distinguishable, the Fourth Circuit case actually supports jurisdiction in this case. If you look at footnote 2 in Preciel, the Fourth Circuit references a Timberland case they decided a couple years before. In Preciel, citing the Timberland case, they talk about they were deciding a state law easement. They were deciding the scope of the easement. The easement provided it was subject to the FERC license. The court found jurisdiction proper there because they had to determine the FERC license issue to determine how broad the easement is. Here, same thing. To determine whether or not Mr. Frazier or anybody else violated the county code on the public nuisance claim, you then need to determine what is TrIDEM's regulation. That's why the district court properly said we need to look at the shoreline management plan. For example, if the shoreline management plan provides you don't need a permit for a blue dock and Mr. Frazier has a blue dock, then he hasn't violated the county ordinance, but the only way to determine that is you look at the shoreline management plan. So we believe that it necessarily does raise a federal issue. Let's assume hypothetically you're back in state court on this. Isn't your theory based on the ordinance? Theory is based on, just as we've played in this complaint, theory is based on that a violation of the ordinance has to violate the shoreline management plan. And common law, state law. It would be no different. We would plead that violation of the ordinance, but you still have to prove violation of the FERC order. All our power, all our permitting is in the FERC order. There's nothing else that TrIDEM relies on. And TrIDEM only does this because FERC has told it it has to do this. And TrIDEM does not want to violate its obligations to FERC because FERC would then come after TrIDEM. So TrIDEM is performing the duties delegated to it by FERC. And to answer your question, which you didn't ask, which you asked Appellant, yes, FERC has the absolute right to sue Appellant. 825M provides FERC the absolute right to file in district court against Appellant. And so that's why we believe TrIDEM also has that right because that obligation has been delegated to TrIDEM. As far as the other elements of GUN, we believe they're easily met. Clearly, it's actually disputed. The parties dispute whether the shoreline management plan applied, how broad it was, all those things. And is it substantial? And as you point out, the court decided in December of last year, I'm going to call it the City of Seattle case because I can't pronounce the name and I don't want to butcher it, but the court- I probably already did. You have a lot more authority than I do. But in the City of Seattle case, this court found that FERC regulations are substantial to not only the parties in the case, but also to the federal system, that FERC being delegated through the Federal Power Act, that the purpose of the Federal Power Act was to enact a comprehensive system for control of FERC licensed projects, which includes addressing the environmental recreational impacts, which is what the shoreline management plan addresses. And so because of that, it is substantial. And as far as the last item, which is Kennedy- Well, in the case, though, the court was construing treaties, federal treaties. It's hard to see here where the district court was actually construing the Federal Power Act. Your argument is that there's sufficient federal action because of the FERC license. But how was the district court to- What part of the Federal Power Act or regulations was the district court construing? The district court- Well, FERC has the right to issue regulations that relate to environmental regulations, recreational regulations on the FERC licensed project to ensure that the projects are available not only to people who live there, not only to the licensee, but to third parties as well. And that's what it was construing. The shoreline management plan is a balance that was adopted by FERC as part of the license after a FERC process, after public comment. It's a regulation by FERC as to how this reservoir is to operate. And so that's what the federal court had to construe to determine whether or not Mr. Fraser had violated it. And so that's why it's regulating, it's enforcing a FERC regulation. And clearly under 825P, Congress intended that acts arising under the Federal Power Act would be litigated exclusively in federal court. So having this matter in federal court does not disrupt the state-federal court balance. And to address the other issue of jurisdiction, which is federal question jurisdiction, and as this court stated in 2021 in Al-Kharani v. Chevron Corp., and as I think Your Honor alluded to earlier, a case can arise under federal law, and it has been long understood that a claim can arise under federal law even if a court ultimately concludes that federal law does not provide a cause of action. So long as the asserted federal claim is neither immaterial, made, and made solely for the purpose of obtaining jurisdiction, nor wholly insubstantial and frivolous. Here, Tridam asserted its first cause of action, which it believed arose under the Federal Power Act. We understood that at summary judgment stage, the court ruled on that motion on the merits. At no time prior to the summary judgment did the court rule on that motion on the merits. So until summary judgment, the court had jurisdiction to determine the merits of that claim. So the court had federal court jurisdiction. As far as the state law claims, the court had supplemental jurisdiction, which it's entitled to take and hear those claims. And so the court has jurisdiction, and this court has jurisdiction to affirm the judgment in this case, under either the gun factors or under the federal question. And whether or not it's a valid federal cause of action is really irrelevant for the jurisdictional question. And so this court can easily affirm the judgment in favor of Tridam because it has jurisdiction on that issue. As far as the cases cited by appellant, the City of Oakland, there was no – the reason that that was sent back to state court is there was no federal question, there was no federal statute, there was nothing. Here, again, we have a FERC regulation, which is tied, as the example provided in Merrill Lynch, just tied to the violation of the state law. So you have to look at the FERC order to determine whether or not you're violating the state law. The same with the City of San Mateo. Both of those cases, there was no tie to any federal issue. It was just generally, yes, it could have a substantial impact across multiple states, but there was no federal issue raised here. Here we have the FERC order and the fact that FERC has actual jurisdiction to enforce this as well. And if the court were to not find jurisdiction here, one of the issues would be that Tridam could be sued by FERC in federal court for not enforcing what it's trying to do here. Mr. Frazier could come to federal court, challenge the FERC regulation. But I think by your answer you're rather conceding that FERC did not have a direct cause of action against Mr. Frazier. No, I believe FERC did have a direct cause of action. I'm trying to make the point that if you find Tridam doesn't have authority, then it would be the only person that didn't have federal question jurisdiction to come and enforce in federal court. I believe FERC can directly enforce it against Mr. Frazier under 816 U.S.C. 825M would actually provide it that right to do that. And I believe it's delegated that duty, a duty which Congress put on it, to Tridam. And I believe that's why this should be in federal court because if you push it to state court, then you're taking what Congress intended. Clearly by the Federal Power Act, Congress intended a comprehensive scheme. You're putting it in state court and you risk, for example, in this reservoir. This reservoir straddles two counties. A lot of reservoirs and FERC licensees straddle multiple states. And so if we have to enforce in state court, we could under the same FERC regulation be subject to different interpretations by different courts because we'd be in different counties. Whereas if you're in federal court, which is what we believe Congress intended, you get a uniform enforcement and you get uniform enforcement across all FERC regulations because federal courts will look at other federal courts. And so we believe that's why this should be in federal court. And we would ask the court to affirm the judgment in favor of Tridam. We believe there's federal court jurisdiction. I don't think there's really the other merits of the case are not disputed. The delegation of authority, we believe, was waived because it was never raised and there's no record on that. And it's clear that the statute was intended to apply to anything after 1979 by the clear language of it. And finally, in their reply, I just want to address that the appellant indicated that we didn't address, for whatever reason, they claimed we did not address the fact that a public agency is not subject to the statute of or latches for enforcing a public nuisance. And we did address that. It's Section 34, Civil Code 3400 clearly provides that. And Tridam's clearly a public agency. So we would request that the court affirm judgment unless you have any further questions, Your Honor. Just so I'm clear on the timing, so you originally asserted, among other things, that you had a private right of action, and that was rejected by the district court. At what stage was that rejected? It was not rejected on the merits until the summary judgment stage when the court decided all of the other issues. So it sounds like it was not so patently frivolous, as your adversary suggests, as to not warrant at least initial federal jurisdiction to decide whether there was a private right of action. Correct. And the other thing I will address on that, which I forgot. Thank you for your question. Appellant argues that there's a line of cases that clearly say that we don't have jurisdiction. That is not the case. The cases that they cite are third parties suing a licensee for tort claims. So, for example, the Skomish Indian tribe that they cite out of the Ninth Circuit is a third party suing the licensee for tort damages under 803C. There's no case, no court has decided a licensee enforcing its FERC license against a third party like we have here. And so those cases under 803C, there was no jurisdiction and no claim, I mean, because the court looked at the statutory or the legislative intent, and under the legislative intent, Congress intended just to preserve state law claims. That's, again, a third party against a licensee. They have not addressed this issue, so it was not patently frivolous. There's not a long line of cases that has addressed this issue. And, again, we believe under Merrill Lynch, the example of Merrill Lynch, and we agree under even pre-trial the case they cite in footnote 2, jurisdiction was proper. And so there's a basis for the trial court to have found jurisdiction and a rule on the merits of all the act causes. Further questions? Okay. Thank you for your argument. We'll hear rebuttal. Thank you, Your Honors. Let me start with the question about when the district court rejected the Federal Power Act claim. That was not initially on the merits. The court got rid of that by deciding in response to our motion early on that the court had no jurisdiction. The court agreed, district court agreed, that it did not have jurisdiction under the first cause of action, the Federal Power Act cause of action, because of these long line of unbroken cases. So the court, the district court, did agree that there just was no cause of action. It was frivolous, or at least insubstantial. Maybe I'm missing something here because you and your adversary seem to be portraying what happened below differently. You made a motion to dismiss the private cause of action? We made a motion to dismiss the whole case for lack of jurisdiction. Okay, and included that argument. That's right, and the court agreed with us. And so did the court then, in ruling on that, say, yes, that part of the, that prong is gone? Yes. Because I thought your adversary just said that it wasn't reached until summary judgment. The court should look at the record. The district court very clearly said in response to our motion to dismiss from lack of jurisdiction that it had no jurisdiction, direct Federal question jurisdiction under the Federal Power Act. And there is a case that considers exactly the situation here. We asked the court to look at the pair of cases from the Fourth Circuit, Pressel and Appalachian Power. We cited them both. It's a pair of cases. Pressel was a removal case. Appalachian Power was identical to this case. It was a dam owner suing a lakeshore property owner about a dock. The Fourth Circuit said same analysis as the removal cases, no jurisdiction. The court should also take a look at Pressel and Merrill Lynch. As I recall, it said the Supreme Court's decision doomed Tridam's argument on 825, but that's worth another look. You know, I'm looking at the order of the motion to dismiss, and I'm not seeing the language that you're saying that there's lax jurisdiction. It says there's no private cause of action. Yes. But that follows a whole section on the court's saying, talking about jurisdiction and describing its jurisdiction. Well, it has jurisdiction. It says under Gunn v. Minton, it says it has no jurisdiction under the Federal Power Act. It didn't say that as far as I can tell, but I'll look. It didn't use those words. That was the gist of it. It only had Gunn v. Minton jurisdiction. It didn't need to get to that issue if it had jurisdiction under the first one, the first cause of action. Well, I'll read you what it says at the bottom line. Plaintiff has not alleged any claims under the Constitution. Federal Power Act does not create a private cause of action. Accordingly, federal law does not provide a cause of action. It didn't say it didn't have jurisdiction. This is a motion to dismiss for lack of jurisdiction. Well, I know, but that's what the court is saying. I don't mean to quarrel with you. If you can point me to a language where the court said it didn't have jurisdiction, I will accept that. But I don't see it. Your Honor, I think that was the essence of what the court ruled, even if it didn't use those words. May I respond to a couple of other points? Certainly. Go ahead. On one, Tridam said that the court needed to interpret the shoreline management plan or the license. No, it didn't. The county ordinance says have a permit, yes, no. If the shoreline management plan says you don't need a permit for a blue duck, it doesn't matter because the ordinance says you must have a permit, period. It's just a yes-no question. There's no interpretation needed. And there wasn't any interpretation done for that cause of action. Congress did not intend that the Federal Power Act preempt everything. It requires licensees to obtain easements, state law property rights. If the reservoir straddles two different states, then it's got two different state law property right issues if it needs to deal with that. Congress made clear that these were all state law issues that were not to be decided in federal court. Okay. Looks like I have a few minutes more. No, actually, you're over time. I'm over? If you want to sum up. I think, Your Honor, the key point in all this is that all we're really looking at is a county ordinance. And the word frivolous is a strong word, but I would say that on the first Federal Power Act claim, that that claim was insubstantial. There was not a claim that could be brought at the time. There isn't now. They're not actually, TrIDEM hasn't actually argued in its papers that the first claim gave them jurisdiction. What they're arguing is they have gun versus minting jurisdiction, and I think on that the cases are in our favor. Just one final question. I gather, and you don't need to elaborate, that there's no hope of settling this case. We have tried, Your Honor, but we haven't been successful. All right. Very good. Thank you. The case is argued to be submitted for decision. Thank you. It's a very interesting case. And, Mr. Fraser, thank you for coming here today. And we will be in recess for the morning.
judges: THOMAS, THOMAS, Rakoff